ALD-169                                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-1346

_____

BRUCE MURRAY,
                        Appellant

v.

SUPT. D. DIGUGLIELMO, Graterford Prison;
CAPTAIN THOMAS DOHMAN;
LIEUTENANT JOHN MOYER, Graterford Prison;
JOHN DOE'S; MARY CANINO, Hearing Examiner

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 09-cv-02310)
District Judge: Honorable Stewart Dalzell

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 15, 2010

Before:  SLOVITER, AMBRO and SMITH, Circuit Judges

(Opinion filed :April 19, 2010)

_____

OPINION

_____

PER CURIAM

        Bruce Murray appeals from an order of the District Court dismissing his "Request

for Forma Pauperis."  For the reasons set forth below, we will summarily affirm.  See

I.O.P. 10.6.

## I.

In May 2009, Murray, a pro se prisoner, filed a civil action pursuant to

42 U.S.C. § 1983 against the Superintendent at the State Correctional Institution at

Graterford ("SCI Graterford"), David DiGuglielmo, as well as several other employees at

SCI Graterford.  After Murray filed an amended complaint in the case, the Defendants

moved to dismiss the action.  The District Court determined that, even construing the

amended complaint liberally, Murray's claims were barred by the applicable statute of

limitations.  In an August 2009 decision, the District Court dismissed the case pursuant to

Fed. R. Civ. P. 12(b)(6) and Murray filed a timely appeal.  In November 2009, this Court

granted Murray's motion to proceed in forma pauperis ("IFP").  While his appeal

remained pending in this Court, Murray filed in the District Court a "Request for Forma

Pauperis," apparently seeking to be granted additional IFP status in the District Court.  In

a January 2010 order, the District Court denied the request, finding that because Murray

had already filed an appeal in this Court, the District Court had been divested of

jurisdiction over the case.[1]  Murray filed a timely notice of appeal in this Court seeking

review of that determination.

---

[1]The District Court's order also directed the clerk to forward Murray's IFP request to
this Court.  However, as mentioned earlier, we had already granted Murray's IFP motion.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. The District Court appropriately denied Murray's "Request for Forma Pauperis." As the District Court correctly noted, Murray had already filed an appeal to this Court of the District Court's final judgment and thus the District Court had been divested of jurisdiction. See Venen v. Sweet, 758 F.2d 117, 120 (3d Cir. 1985) (generally, the filing of a notice of appeal divests the district court of jurisdiction over the case pending disposition of the appeal). Furthermore, by the time Murray filed his request in the District Court, his IFP motion had already been granted in this Court.

As there is no substantial question presented by this appeal, we will summarily affirm. See Third Cir. LAR 27.4; I.O.P. 10.6. Appellant's motion for counsel, as well as his motion requesting transcripts of the complete record and docket entries, are denied.